

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-94,198-01

### EX PARTE BOBBY RAY SEWELL, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. D-16-1492-CR-W1 IN THE 358TH DISTRICT COURT
### FROM ECTOR COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of one count of forgery of a financial instrument and one count of

tampering with a governmental record, and was sentenced to two years' state jail probated for five

years for the forgery count, and four years' imprisonment for the tampering with a governmental

record count. The Eleventh Court of Appeals affirmed his conviction. *Sewell v. State*, No. 11-19-

00342-CR (Tex. App. — Eastland October 7, 2021) (not designated for publication). Applicant filed

this application for a writ of habeas corpus in the county of conviction, and the district clerk

forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Because it does not appear that Applicant's probation for the forgery count has been revoked,

this Court lacks Article 11.07 habeas jurisdiction to address any claims as to that count.

Applicant contends that he has newly-available evidence of actual innocence, and that the State unknowingly presented false testimony at trial. Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Chabot*, 300 S.W.3d 768 (Tex. Crim. App. 2009). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether the State unknowingly presented false testimony at trial, and if so, whether it is more likely than not that such false testimony contributed to Applicant's conviction and punishment. The trial court shall make findings as to whether Applicant has established that no reasonable juror would have convicted Applicant of the offenses but for the allegedly false testimony. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed:      November 2, 2022
Do not publish